# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KT IMAGING USA, LLC, § <br> § <br> *Plaintiff*, § <br> v. § <br> § <br> HP INC., § <br> § <br> *Defendants*. § <br> § | Civil Action No. 4:20-cv-337 <br> Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant HP Inc.'s Motion to Transfer to the Northern District of California (Dkt. #19). Having considered the Motion and relevant pleadings, the Court finds the Motion should be **DENIED**.

### BACKGROUND

This is a patent infringement case filed in the Eastern District of Texas ("EDTX"). On April 20, 2020, KT Imaging USA, LLC ("KTI") sued HP Inc. ("HP") for infringing several patents relating to laptop cameras. KTI alleges that infringing image sensors were incorporated into HP laptop computers and sold throughout the country.

KTI has a registered business address in Austin, Texas. The asserted patents were assigned to KTI in 2019 from original assignee, KINGPAK Technology Inc. ("Kingpak"). Kingpak is headquartered in Taiwan and its U.S. office is in Santa Clara, California.

HP is a Delaware corporation with its principal place of business in Palo Alto, California. The accused products were developed in California, Texas, and Taiwan. HP employees who worked on the accused products' development, marketing, sales, and financial accounting are in California and Texas.

On August 21, 2020, HP filed its Motion to Transfer to the Northern District of California ("NDCA") (Dkt. #19). For several months, the parties conducted venue-related discovery. On December 10, 2020, KTI responded (Dkt. #38). On December 17, 2020, HP replied (Dkt. #46). On December 24, 2020, KTI filed its Sur-Reply (Dkt. #50).

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008). However, there is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors [cited below] clearly point towards trial in the alternative forum." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 672 (5th Cir. 2003) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Id.* (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)).

"The threshold inquiry when determining eligibility for transfer is 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been

filed,' or whether all parties have consented to a particular jurisdiction." *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *1 (E.D. Tex. June 1, 2018) (quoting *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004)). If the threshold inquiry is satisfied, "the focus shifts to whether the party requesting the transfer has demonstrated the 'convenience of parties and witnesses' requires transfer of the action, considering various private and public interests." *Int'l Fidelity Ins. Co. v. Bep Am., Inc., et al.*, A-17-CV-973-LY, 2018 WL 2427377, at *2 (W.D. Tex. May 29, 2018) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974)).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." . . . The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Volkswagen II*, 545 F.3d at 315 (citations omitted); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Vivint La., LLC v. City of Shreveport*, CIV.A. 14-00617-BAJ, 2015 WL 1456216, at *3 (M.D. La. Mar. 23, 2015) (quoting *Volkswagen I*, 371 F.3d at 203).

## ANALYSIS

The threshold inquiry under § 1404(a) is whether the suit could originally have been filed in the destination venue. *Volkswagen II*, 545 F.3d at 312. It is undisputed that this suit could have been brought in NDCA. With the threshold inquiry satisfied, the Court considers the private and public interest factors. *Id*. at 315.

This case can be distinguished from *In re HP Inc.*, in which the Federal Circuit granted a writ of mandamus and directed this Court to transfer a patent infringement suit against HP to

NDCA. *In re HP Inc.*, 826 Fed. Appx. 899 (Fed. Cir. 2020). Although the present case is also a patent infringement suit against HP, the similarities end there. In *HP*, the case was brought by a foreign plaintiff, the Court found no key witnesses resided in EDTX, and there was no apparent connection with EDTX. In contrast, the present case is brought by a Texas corporation who identifies, by name, over a dozen potential witnesses who reside in EDTX. Where *HP* relied on physical sources of proof in NDCA, here seemingly all documents in this case can be accessed remotely in EDTX. Where *HP* was centered in NDCA because the case intimately involved third-party corporations, there is no similar connection here. This case presents different facts that make EDTX a convenient venue. Because HP has not met its burden to establish that the factors "clearly point towards" transfer, the Court denies the Motion. *Vasquez*, 325 F.3d at 672 (quoting *Piper*, 454 U.S. at 255).

**I.     Private Interest Factors**

      A.     *Relative ease of access to sources of proof*

In *HP*, the Federal Circuit held this factor should "at least slightly" weigh in favor of transfer when (1) several witnesses reside in NDCA and (2) no key witnesses appear to reside in EDTX. *Id.* at 902. Because witnesses reside in both districts, the Court finds this factor neutral.

HP engaged in decision-making, development, and marketing for the accused products in NDCA, and so some witnesses reside there. NDCA is home to high-ranking HP employees with relevant knowledge, Kingpak's U.S. office, two attorneys who prosecuted the asserted patents, and the prosecuting firm. These individuals are likely sources of proof because they exerted control over the asserted products and/or patents during relevant time periods.

Not everything is available in NDCA, however. HP stores electronic documents in the cloud and so relevant documents are accessible "anywhere worldwide," including EDTX (Dkt.

#38, Exhibit 1 at 117:1-3). Storing documents in a cloud setting reduces the burden of transporting documents to a selected venue. While HP asserts there is no local custodian for relevant evidence, HP's witness still characterized cloud-documents as accessible from "everywhere" (Dkt. #46 at p. 3 n.2; Dkt. #38, Exhibit 1 at 116:1-9).

EDTX is also home to potential witnesses. KTI identifies twelve HP employees ("EDTX Witnesses") "having relevant knowledge that reside or work within EDTX or within 100 miles of the Sherman courthouse" (Dkt. #38 at pp. 7-9). These EDTX witnesses have "direct knowledge" bearing on direct infringement, induced infringement, damages, and product design (Dkt. #38 at p. 9). While HP asserts there are no anticipated witnesses who reside in EDTX, KTI refutes this assertion by listing potential witnesses.

HP argues KTI selected these twelve witnesses "for the sole purpose of trying to stymie transfer to NDCA." (Dkt. #46 at p. 8). HP identifies that one named employee did not work at HP when the case began; another identifies his location as Palo Alto on LinkedIn (Dkt. #46, Exhibits 3-4). Even assuming this is true, this still leaves ten EDTX Witnesses. HP argues these remaining witnesses hold mid-tier positions that do not indicate they would possess relevant knowledge (*See* Dkt. #46 at Exhibit 1). For example, KTI identifies an HP employee with the job title of "Commercial Acct Mgr III, PS/CP"[1] who teleworks from this district (Dkt. #38 at p. 8). There are over 240 HP employees with this job title. There is no explanation for why this Commercial Acct Mgr III was chosen over any other. While the Court agrees with HP that the EDTX Witnesses do not hold executive-tier positions, that is not the test for venue. The Court "should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). KTI has identified numerous EDTX Witnesses as possessing

---

[1] KTI identifies the employee's title as "Field Account Executive" (Dkt. #38 at p. 8).

5

specific, "direct knowledge" of relevant information based on job descriptions, performance reviews, and LinkedIn profiles (Dkt. #38 at p. 9; *see* Dkt. #38, Exhibits 7-18). KTI names at least ten witnesses with a connection to EDTX and asserts that, based on comprehensive venue-discovery, they have relevant, direct knowledge. For example, KTI identifies a Sales Director who "[c]oordinates all HP sales activities in the area-of-control" and thus has "knowledge regarding damages and inducement" (Dkt. #38 at p. 8). And KTI identifies a System Manager as having "knowledge regarding the design, development, testing, and delivery of accused HP products" (Dkt. #38 at p. 7). It is reasonable to conclude these witnesses have relevant knowledge.

KTI also relies on evidence in Spring, TX, but the Court may not consider this in its analysis. "The comparison between the transferor and transferee forums is not altered by the presence of other witnesses . . . in places outside both forums." *In re HP Inc.*, 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) (directing district court to transfer case from EDTX to NDCA where court considered a North Carolina witness in its analysis). Still, the accused products were designed and developed in Spring, TX, "the home of HP's PC research and development" (Dkt. #38, Exhibit 4 (HP's own description of its Spring facility)). As this is a patent infringement suit, information about designing and developing the accused products is highly relevant. Although Spring is not in the EDTX, and therefore cannot be weighed for or against transfer, it rebuts HP's narrative that this case revolves around NDCA.

Because there are witnesses in both districts and substantial evidence can be easily accessed in either location, the Court finds this factor is neutral.

B. *Availability of compulsory process to secure the attendance of witnesses*

The Court finds this factor weighs against transfer. A court may exercise its subpoena power to compel witnesses to attend a trial, deposition, or hearing under Federal Rule of Civil Procedure 45 if the court is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>  i. is a party or a party's officer; or
>  ii. is commanded to attend a trial and would not incur substantial expense.

FED. R. CIV. P. 45(c)(1). It is unclear which witnesses, if any, would be unwilling to attend voluntarily.

This Court has compulsory process over the EDTX Witnesses and the HP employees in Spring. NDCA has compulsory process over witnesses in NDCA. Neither jurisdiction has compulsory process over the Taiwanese inventors.

### i. *The EDTX Witnesses*

This Court has compulsory process over KTI's list of EDTX Witnesses who reside within 100 miles of this courthouse. It is unclear if all the EDTX Witnesses reside within 100 miles, because at least one witness identifies his location on LinkedIn as Palo Alto (Dkt. #46, Exhibit 4). For those who live in Texas but more than 100 miles of the courthouse, the Court would have compulsory process only if attendance would not incur a substantial expense. As KTI pledges to pay expenses for those non-East Texas HP witnesses, they would not incur a substantial expense. As such, the Court has compulsory process over all EDTX Witnesses.

### ii. *The Spring employees*

The Court also has compulsory process over the Spring employees. As they live within the state, but more than 100 miles from the Sherman courthouse, the Court would have compulsory process only if attendance would not incur a substantial expense. As KTI pledges to pay expenses for the Spring employees to attend trial, this issue is obviated (Dkt. #38 at p. 10). As such, the Court has compulsory process over all Spring employees.

### iii. *Those living in NDCA*

NDCA would have compulsory process over the witnesses residing there, such as the two attorneys who prosecuted the asserted patents and the prosecuting law firm. These witnesses seem likely to be called because they can testify to the asserted patents' prosecution history, which is critical for HP's inequitable conduct defense. While KTI maintains that HP's inequitable conduct defense was inadequately pled, the defense remains in the case.

### iv. *The Taiwanese inventors*

Neither NDCA nor EDTX would have compulsory process over the Taiwanese inventors who work for Kingpak.

In sum, NDCA and EDTX have compulsory process available for some, but not all, witnesses. The Federal Circuit found this factor in favor of transfer where NDCA was the only venue that could compel critical third parties, and there were no EDTX witnesses. *In re HP Inc.*, 826 Fed. Appx. at 902-03. But here, only the Court has compulsory process over the EDTX witnesses and Spring employees. Thus, the Court finds this factor weighs against transfer.

### C. *Cost of attendance for willing witnesses*

The Court finds this factor is against transfer. The Fifth Circuit applies the "100-mile" rule, where if "the distance between an existing venue for trial of a matter and a proposed venue

under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204. This rule "should not be rigidly applied where witnesses will be required to travel a significant distance no matter where they testify." *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (internal quotations removed).

"The convenience of witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d at 1342 (quoting *Neil Bros. Ltd.*, 425 F. Supp. 2d at 329). "A district court should assess the relevance and materiality of the information the witness may provide." *Id.* at 1343. Thus, this Court directs its inquiry into (1) who are the most relevant witnesses and (2) where they reside. *E-Sys. Design, Inc. v. Mentor Graphics Corp.*, 4:17-CV-00682, 2018 WL 2463795, at *3 (E.D. Tex. June 1, 2018).

   i. *Those living in NDCA*

NDCA is more convenient to HP's Palo Alto employees, the prosecuting attorneys, and the prosecuting firm.

   ii. *The Taiwanese inventors*

Both districts are equally inconvenient for the Taiwanese inventors. International witnesses "will be required to travel a significant distance no matter where they testify." *In re Genentech, Inc.*, 566 F.3d at 1344. While a flight from Taiwan to San Francisco may be briefer than a flight to Dallas, both trips are arduous. In either venue the inventors "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs." *In re Apple Inc.*, 979 F.3d at 1342 (holding that New York witnesses "will only be slightly more inconvenienced by having to travel to California than to Texas"). Because NDCA is only

marginally more convenient for the inventors, who are burdened by international travel either way, these witnesses negligibly influence the analysis.

### iii. The EDTX Witnesses

EDTX is more convenient for the EDTX Witnesses, who KTI assert have direct, relevant knowledge.

### iv. The Spring Employees

EDTX is more convenient for the Spring employees. While Spring is at least four hours away by car from Sherman, it is easier for Spring employees to drive a few hours than to fly to another state. For either venue, these employees will incur hours of travel, expend resources for meals and lodging, and rearrange schedules to cover their regular home and work responsibilities. *See In re Apple Inc.*, 979 F.3d at 1341 ("the 100-mile rule 'should not be rigidly applied' where witnesses 'will be required to travel a significant distance no matter where they testify.'"). It will also be less expensive to travel to Sherman, as KTI has already pledged to cover these Spring employees' expenses to EDTX.

Both venues will be inconvenient for some. Still, EDTX is more convenient for a larger swath of potential witnesses. As such this factor weighs against transfer.

### D. All other practical problems that make trial of a case easy, expeditious, and inexpensive

The Court finds this factor is neutral. This factor is concerned with judicial economy. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010). When multiple lawsuits concerning the same issues are pending in either the transferor or

transferee court, this factor is afforded significant weight in the transfer analysis. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

This case is at an early stage in the litigation. While KTI has filed three other actions in this district, these suits were resolved before the Court could gain any expertise in the asserted patents. Specifically, two of those cases settled pre-discovery and the remaining case was concluded with a default judgment. As neither district has experience with this case's issues, the judicial economy is neutral.

## II. Public Interest Factors

### A. *Administrative difficulties flowing from court congestion*

The Court may consider the average speed with which a case comes to trial and resolution. *In re Genentech, Inc.*, 566 F.3d at 1347. The Federal Circuit has cautioned that this factor "appears to be the most speculative." *Id*.

HP argues that the two districts have comparable congestion, while KTI argues that EDTX resolves cases at a faster pace. Specifically, KTI cites statistics, ending June 30, 2020, that show the median time from filing to disposition is 10.1 months in NDCA and 9.2 months in EDTX (Dkt. #38 at Exhibit 23). The median time to trial is 29.3 months in NDCA and 17.7 months to trial in EDTX (Dkt. #38 at Exhibit 23).

Given the unpredictable nature of the pandemic, how it has impacted and continues to impact court dockets, these statistics should be taken with a grain of salt. Still, the Court notes that during the pandemic EDTX has held over 20 jury trials. This Court presided over 8 of those and anticipates no future interferences with its trial schedule. Although this is "the most speculative" factor, these statistics indicate the case would be resolved at a faster pace in EDTX.

11

*In re Genentech, Inc.*, 566 F.3d at 1347. As such, the Court finds this factor to be at least slightly against transfer.

### B.  *Local interest in having local issues decided at home*

The Court finds that NDCA has a stronger local interest, although this factor is not dispositive. Under similar facts, the Federal Circuit found that NDCA had a stronger local interest over EDTX because "more of the events giving rise to this suit appear to have occurred in [NDCA] than in [EDTX]—specifically, the development of the accused products." *In re HP Inc.*, 826 Fed. Appx. at 901 (holding that the Court "correctly labeled the local interest in favor of transfer"); *In re Apple Inc.*, 979 F.3d at 1345. Where there are "significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citations omitted).

Here, too, there is a strong connection to NDCA and less of a connection to EDTX. HP developed the products from its Palo Alto headquarters, where it made decisions and exerted control over the accused products. The asserted patents were prosecuted in NDCA. While the products were designed in Spring and tested in Asia, neither of these locations are in EDTX. *In re HP Inc.*, 2018 WL 4692486, at *3 ("The comparison between the transferor and transferee forums is not altered by the presence of other witnesses . . . in places outside both forums."). While HP does have multiple employees who telework in EDTX, there is no indication that these employees were involved in designing, developing, or manufacturing the accused products. Because more of the events giving rise to this suit appear to have occurred in NDCA than in EDTX—specifically, the development of the accused products—this factor weighs in favor of transfer.

C. *Familiarity of the forum with the law that will govern the case*

Both judicial districts are equally familiar with the law governing this case. This factor is neutral.

D. *Avoidance of unnecessary problems of conflicts of laws*

This case does not present any problems of conflicts of laws or issues related to applying foreign law. This factor is neutral.

## CONCLUSION

In sum, three factors weigh against transfer, one weighs for transfer, and four are neutral. After considering all factors, the Court finds that EDTX is more convenient for most of the parties and witnesses. HP has not met its burden to establish that the factors "clearly point towards" transfer. *See Vasquez*, 325 F.3d at 672. Exercising its broad discretion, the Court does not find transfer to be clearly more convenient or necessary in the interest of justice. *See id.* For these reasons, Defendant HP Inc.'s Motion to Transfer to the Northern District of California (Dkt. #19) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 25th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE